Matthew A. Newboles (SBN 167,196)
Stephen Z. Vegh (SBN 174,713)
STETINA BRUNDA GARRED & BRUCKER
75 Enterprise, Suite 250
Aliso Viejo, CA 92656
Email: litigate@stetinalaw.com
Tel: (949) 855-1246
Fax: (949) 855-6371
Attorneys for Plaintiff
T-C FORUM AT CARLSBAD, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-C FORUM AT CARLSBAD, LLC, a Delaware limited liability company,<br><br>      Plaintiff<br><br>vs.<br><br>THOMAS ENTERPRISES, INC., a Georgia corporation; and DOES 1-10, inclusive,<br><br>      Defendants | Case No.   **'16CV2119 DMS BGS**<br><br>**COMPLAINT FOR:**<br>1) **SERVICE MARK INFRINGEMENT OF UNREGISTERED SERVICE MARK;**<br>2) **FALSE DESIGNATION OF ORIGIN/FALSE ADVERTISING;**<br>3) **FALSE ENDORSEMENT UNDER LANHAM ACT;**<br>4) **TRADE NAME INFRINGEMENT;**<br>5) **UNFAIR COMPETITION;**<br>6) **STATE STATUTORY TRADE NAME INFRINGEMENT;**<br>7) **COMMON LAW UNFAIR COMPETITION;**<br>8) **COMMON LAW TRADE NAME INFRINGEMENT;**<br>9) **COMMON LAW MISAPPROPRIATION;**<br>10) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17500; AND**<br>11) **STATUTORY UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD: Plaintiff T-C Forum at Carlsbad (hereinafter "Plaintiff") files this Complaint and, demanding trial by jury, complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action as hereinafter more fully appears arises under the Federal Trademark Act of 1946 (15 U.S.C. §§ 1051-1127), and is for Federal service mark infringement, Federal unfair competition and Federal trademark dilution, amongst others. Jurisdiction of the trademark counts is based upon 28 U.S.C. §§ 1331, 1338(a) and (b), 1367, and 15 U.S.C. § 1121. Jurisdiction is also appropriate based upon 28 U.S.C. § 1332 since the parties are citizens of different states and, upon information and belief, the amount in controversy exceeds $75,000.00, excluding interest and costs. This Court has *in personam* jurisdiction over Defendant who is engaging in the activities complained of in this District, and elsewhere.

2. Venue is proper under 28 U.S.C. § 1391(b) and (c), as the claims arose in this judicial district and Defendant is soliciting business and conducting business in this judicial district.

## PARTIES

3. At all times herein, Plaintiff, has been and is a limited liability corporation duly organized in and existing under the laws of the State of Delaware, and has been continuously owned the trade name a related real estate commonly known as "Forum at Carlsbad", located in Carlsbad, California for over five years, and at all relevant times has had its principal place of business at 4675 MacArthur Court, Suite 1100, Newport Beach, California 92660.

4. At all relevant times, Plaintiff has been a wholly-owned subsidiary of TIAA-CREF Global Separate Real Estate Company, LLC.

5. Upon information and belief, Plaintiff alleges that Defendant Thomas Enterprises, Inc. (hereinafter "Defendant") is a corporation organized and existing under the laws of the state of Georgia Plaintiff is further informed and believes that

**STETINA BRUNDA GARRED & BRUCKER**
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant's principal place of business is located at 45 Ansley Drive, Newnan, Georgia 30263.

6.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries, as hereinafter alleged were proximately caused by the acts of Defendant.

7.      The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff and therefore they are sued herein under the foregoing names, which are fictitious, and upon ascertaining their true names, relief will be asked to amend this Complaint by inserting the same.  Plaintiff is informed and believes that each of the fictitiously named Defendants are responsible in some manner for the acts herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by said DOE Defendants.

8.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and in so doing the things hereinafter alleged, was acting within the scope of such agency.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.      For over the past five years, from at least July 2011 to the present, Plaintiff has owned the real property located at 1923 Calle Barcelona, Carlsbad, California 92009 in the County of San Diego ("the Property") as well as the designations used to identify the Property, namely "Forum at Carlsbad", "Forum Carlsbad", and "The Forum – Carlsbad" (hereinafter the "**SERVICE MARKS**").

10.     Since 2011, Plaintiff has engaged third-party agents to perform retail real estate management services on behalf of Plaintiff under the SERVICE MARKS at the Property, including but not limited to the leasing of commercial retail space at the Property.

11.     The Property and the SERVICE MARKS under which it operates are

recognized both regionally and nationally by retailers and consumers as designating a first class, top tier lifestyle shopping center. Well-known retail tenants at the Property include Apple Store, J. Crew, Urban Outfitters, Chico's, and M.A.C, amongst others.

12. Plaintiff has paid property taxes to the San Diego County Treasurer-Tax Collector for the Property since Plaintiff's acquisition in 2011.

13. The **SERVICE MARKS** have also served as **TRADE NAMES** used by or on behalf of the Plaintiff since at least as early as 2011.

14. Plaintiff is informed and believes that since 2011, it has been the exclusive and continuous owner of the **SERVICE MARKS** and **TRADE NAMES**.

15. During this time, Plaintiff is informed and believes that its use of the **SERVICE MARKS** and **TRADE NAMES** has been exclusive and continuous in the Carlsbad region of the County of San Diego, California.

16. Plaintiff has expended significant time, money and effort to establish public recognition of its **SERVICE MARKS** and **TRADE NAMES** with retail tenants and consumers both in the Carlsbad, California geographic region, and nationally. The **SERVICE MARKS** and **TRADE NAMES** have acquired "secondary meaning" amongst such consumers in both interstate and intrastate commerce.

17. Plaintiff is informed and believes that it has made continuous and exclusive use of the **SERVICE MARKS** and **TRADE NAMES** in its advertising and promotion of the Property and the real estate management services provided thereon by its agents. As a result of these efforts, Plaintiff has established substantial recognition of its **SERVICE MARKS** and **TRADE NAMES** in interstate and intrastate commerce.

18. Plaintiff has expended significant time, money, and effort to establish public recognition among national and regional retailers and consumers in Carlsbad as a first class lifestyle shopping center. The **SERVICE MARKS** and **TRADE**

**NAMES** associated with the Property have become distinctive such that the **SERVICE MARKS** and **TRADE NAMES** have acquired "secondary meaning." The **SERVICE MARKS** and **TRADE NAMES** would be registerable with the United States Patent and Trademark Office under 15 U.S.C. §1052. The **SERVICE MARKS** and **TRADE NAMES** after over five years have developed as a source of identification and/or origin of the Property. Plaintiff has printed and distributed advertising, promotional, and marketing materials utilizing the **SERVICE MARKS** and **TRADE NAMES**. As a result of these marketing efforts as well as the publicity generated therefrom, Plaintiff has received and developed a reputation for the Property and retail management services provided thereon by its agents and has created substantial goodwill with well-known national and regional retailers and with consumers in Carlsbad, California. Further, the expenditure of significant time, money, and effort has confirmed the public's recognition of the **SERVICE MARKS** and **TRADE NAMES** as associated with Plaintiff and the Property.

19. On or about June 21, 2011, Plaintiff acquired from LA Forum Carlsbad, LLC for valuable consideration the parcel of land identified as 1905-1935 Calle Barcelona, Carlsbad, located in the County of San Diego, California. The sale also included amongst others the improvements, leasehold interests, and development rights on the land, all right, title and interest to the trade name "Forum at Carlsbad" and any logos and any intangible property relating to the Property.

20. Plaintiff is informed and believes that LA Forum Carlsbad, LLC continuously and exclusively used the **SERVICE MARKS** and **TRADE NAMES** in the management of retail properties located at the Property from 2010 until the sale to Plaintiff in June of 2011.

21. On or about June 22, 2016, Plaintiff sent Defendant a cease and desist letter demanding that it stop using the "Hillside Forum" designation to identify in marketing materials a potential development and future retail shopping center across the street from Plaintiff's "Forum Carlsbad" shopping center in Carlsbad, California.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

Plaintiff advised Defendant of the likelihood of confusion in the marketplace created by Defendant's use of the "Hillside Forum" designation on a planned shopping center in such close proximity to the Property, as well as the existence of actual instances of confusion by Plaintiff's retailers who erroneously believed that Defendant and its agents were in some form affiliated with Plaintiff. A true and correct copy of the June 22, 2016 letter is attached hereto as Exhibit A.

22. Plaintiff is informed and believes the "Hillside Forum" is located across the street from the Property, at or about 1920 Calle Barcelona, Carlsbad, California 92009.

23. On or about July 27, 2016, Defendant's counsel stated that his client had not infringed any rights Plaintiff may claim to have in the **SERVICE MARKS** and **TRADE NAMES** and would continue to use the "Hillside Forum" designation. As such Defendant has refused to stop using the "Hillside Forum" and has thereby continued to willfully infringe Plaintiff's **SERVICE MARKS** and **TRADE NAMES** and unfairly compete with Plaintiff, and tortiously misappropriate Plaintiff's business property. A true and correct copy of the July 27, 2016 letter is attached hereto as Exhibit B.

24. Defendant on its website lists "Forum Carlsbad" as one of its currently owned properties, thereby clearly suggesting that there is some affiliation or connection between Plaintiff's retail real estate management services in Carlsbad and that of Defendant. A true and correct copy of Defendant's website is attached hereto as Exhibit C. Defendant's conduct has resulted in a likelihood of confusion amongst national and regional retailers as well as consumers in the Carlsbad, California geographic region. This likelihood of confusion and unfair competition is exacerbated by the fact that Defendant's planned shopping center under the confusingly similar "Hillside Forum" mark is across the street from Plaintiff's shopping center which Plaintiff has operated continuously and exclusively under the **SERVICE MARKS** and **TRADE NAMES** for over the last five years. Defendant is

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

continuing to create confusion and irreparably harm Plaintiff's holdings and the **SERVICE MARKS** and **TRADE NAMES** owned and used by Plaintiff.

25.    Plaintiff's **SERVICE MARKS** and **TRADE NAMES** have acquired secondary meaning and thus are "distinctive" and are entitled to protection under 15 U.S.C. §1125(a) and California Business and Professions Code §§14200 et. seq. 17200, 17500.

26.    Plaintiff is informed and believes that at least since June of 2016, Defendant's marketing and promotion of the "Hillside Forum" for a planned shopping center has infringed Plaintiff's **SERVICE MARKS** and **TRADE NAMES**.

27.    In addition, Plaintiff is informed and believes there have been instances of actual confusion concerning the origin, affiliation, recognition and use of Defendant's "Hillside Forum" mark with that of Plaintiff's **SERVICE MARKS** and **TRADE NAMES**.

28.    Despite Plaintiff's request that Defendant cease its illegal and unfair conduct, to date Defendant has refused to alter or discontinue its illegal activities.

## FIRST CLAIM FOR RELIEF

### (Violation of 15 U.S.C. §1125(a) SERVICE MARK Infringement of Unregistered SERVICE MARKS Against All Defendants)

29.    Plaintiff, Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-28, inclusive as though set forth in full herein.

30.    Plaintiff is informed and believes that Defendant has used copies and/or substantially and confusingly similar variations, of Plaintiff's **SERVICE MARKS** in intrastate and interstate commerce without the consent of the Plaintiff.  Defendant has caused and continues to cause instances of actual confusion, mistake, and deception in the minds of retailers and/or consumers with its use of the mark "Hillside Forum" in connection with a planned shopping center and management services related thereto.

31.    Plaintiff's use of the **SERVICE MARKS** in Carlsbad, California has

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

been exclusive and continuous since at least as early as July of 2011.

32.     Plaintiff has expended enormous amounts of time, effort, and money promoting the Property under the **SERVICE MARKS** to attract and retain as commercial tenants some of the best global retail brands.  The relevant retail and consuming public has come to associate Plaintiff's **SERVICE MARKS** with Plaintiff or with Plaintiff's Property, such that Plaintiff's **SERVICE MARKS** have acquired "secondary meaning."

33.     By offering a potential retail shopping center using confusingly similar variations of Plaintiff's **SERVICE MARKS**, the Defendant has imitated and infringed the Plaintiff's **SERVICE MARKS** in intrastate and interstate commerce and has violated the Lanham Act, codified at 15 U.S.C. §1125(a).

34.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§1116-1117, *et. seq.*, including but not limited to treble damages, attorney's fees and injunctive relief.  Defendant in performing the conduct complained of herein acted willfully and with intent to injure Plaintiff.  Defendant is therefore guilty of malice and oppression and a conscious disregard of Plaintiff's rights, thereby warranting an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

35.     Defendant threatened to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's **SERVICE MARKS** and **TRADE NAMES**, business reputation, goodwill, and customer base, and Defendant's conduct, if allowed to continue, would inevitably result in damage to Plaintiff's retail real estate holdings.  Accordingly, Plaintiff seeks injunctive relief against the Defendant for its misconduct.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

## SECOND CLAIM FOR RELIEF

### (Violation of 15 U.S.C. §1125(a): False Designation of Origin/False Advertising Against All Defendants)

36.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-35, inclusive as though set forth in full herein.

37.     Defendant's use of deceptive and confusingly similar copies of the **SERVICE MARKS** as described hereinabove is a use in intrastate and interstate commerce of words and/or symbols, a false designation of origin, and/or a false description or representation, and as such is likely to cause confusion, to cause mistake, to deceive the public as to the affiliation of Defendant with Plaintiff and/or its Property, or as to the origin, sponsorship, or approval of Defendant's planned shopping center.  Such use has already misled and deceived, and will continue to mislead and deceive retailers and consumers into believing that Defendant's infringing "Hillside Forum" mark originates with Plaintiff, is licensed by Plaintiff, or are in some way sanctioned by, or otherwise affiliated with Plaintiff's Property .

38.     Defendant's unauthorized association of its infringing services with Plaintiff will cause such damage to Plaintiff's retail real estate-related holdings and Plaintiff will be irreparably harmed.

39.     By so imitating and infringing Plaintiff's **SERVICE MARKS** in intrastate and interstate commerce, the Defendant has violated section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40.     By reason of the foregoing, Plaintiff has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to remedies provided for in 15 U.S.C. §1116-1117 et. seq., including but not limited to damages, exemplary damages, injunctive relief, and attorney's fees.

41.     Defendant, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff.  Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

42.     Defendant threatened to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's **SERVICE MARKS**, business reputation, goodwill, and customer base, and Defendant's conduct if allowed to continue, would inevitably result in damage to Plaintiff's retail real estate holdings.  Accordingly, Plaintiff seeks injunctive relief against Defendant for their misconduct.

## THIRD CLAIM FOR RELIEF

### (False Endorsement Under Lanham Act 15 U.S.C. §1125(a) Against All Defendants)

43.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-42, inclusive as though fully set forth herein.

44.     As a result of the secondary meaning established for Plaintiff's **SERVICE MARKS**, the public has come to recognize the **SERVICE MARKS** as a source identifier of Plaintiff's Property.

45.     Defendant has by its conduct complained of above, attempted to misappropriate Plaintiff's **SERVICE MARKS** and to deceive the public into believing that its own planned shopping center is either endorsed by Plaintiff, is provided by Plaintiff, or that Defendant is now entitled to the good will Plaintiff has built in the **SERVICE MARKS** since 2011.

46.     As a result of Defendant's unauthorized imitation of Plaintiff's **SERVICE MARKS**, Defendant has created a "false endorsement" in violation of 15 U.S.C. §1125(a)(1)(A).

47.     As a result of Defendant's improper "false endorsement" activities, Defendant is profiting, with minimal costs to themselves, from the considerable

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

expenditures of effort, time and money that Plaintiff has invested over the past five years in developing its **SERVICE MARKS**.

48.     By reason of the foregoing, Plaintiff has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in 15 U.S.C. §1116-1117, *et seq*., including but not limited to damages, exemplary damages, injunctive relief and attorney's fees.

49.     Defendant, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff.  Defendant is therefore guilty of malice and oppression and conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

50.     Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's **SERVICE MARKS**, business reputation, good will, and customer base, and Defendant's conduct, if allowed to continue would inevitably result in damage to Plaintiff's retail real estate holdings.  Accordingly, Plaintiff seeks injunctive relief against Defendant for their misconduct.

## FOURTH CLAIM FOR RELIEF

### (Violation of 15 U.S.C. § 1125(a):  Trade Name Infringement Against All Defendants)

51.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-50, inclusive as though fully set forth herein.

52.     Plaintiff has at relevant times used the **TRADE NAMES** in Carlsbad, California in the County of San Diego.  These **TRADE NAMES** are comprised of words, symbols, or any combination thereof used to identify a retail shopping center and distinguish it from other businesses. Plaintiff has the exclusive right to use the

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

**TRADE NAMES** as well as any other confusingly similar trade name.

53.     Defendant has used copies, and/or substantially and confusingly similar variations of Plaintiff's **TRADE NAMES** in interstate commerce without the consent of the Plaintiff, for the purpose of offering infringing shopping center services. Defendant has caused and continues to cause confusion, mistake and deception in the minds of the public.

54.     Plaintiff's use of the **TRADE NAMES** in Carlsbad, California has been exclusive and continuous since at least 2011.

55.     Plaintiff has expended enormous amounts of time, effort and money promoting the Property through its use of the **TRADE NAMES** such that the relevant public has come to associate Plaintiff's **TRADE NAMES** with Plaintiff or with Plaintiff's shopping center, such that Plaintiff's unregistered **TRADE NAMES** have acquired "secondary meaning."

56.     By promoting a shopping center services using substantially and confusingly similar variations of the **TRADE NAMES** or actual reproduction of the **TRADE NAMES**, the Defendant has imitated and infringed the Plaintiff's **TRADE NAMES** in interstate commerce and has violated the Lanham Act, 15 U.S.C. §1125(a).

57.     By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §1116-1117, *et seq*., including but not limited to exemplary damages, attorney's fees and injunctive relief.

58.     Defendant in performing the conduct complained of herein, acted willfully and with intent to injure Plaintiff. Defendant is therefore guilty of malice and oppression and conscious disregard of Plaintiff's rights, thereby warranting an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

59.     Defendant threatens to, and unless restrained will, continue to engage in

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages could not afford adequate relief, and that said damages would not adequately compensate for the injury to Plaintiff's **TRADE NAMES**, business reputation, good will, and customer base, and Defendant's conduct if allowed to continue, would inevitably result in damage to Plaintiff's retail real estate holdings. Accordingly, Plaintiff seeks injunctive relief against Defendant for their misconduct.

## FIFTH CLAIM FOR RELIEF

### (Violation of 15 U.S.C. §1125(a): Unfair Competition Against All Defendants)

60.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-59, inclusive as though fully set forth herein.

61.     Defendant's use of the **SERVICE MARKS** or of deceptively and confusingly similar variations of the **SERVICE MARKS** constitutes passing off, infringement, and misappropriation of the **SERVICE MARKS**, in violation of 15 U.S.C. §1125(a).

62.     By reason of the foregoing, Plaintiff has been irreparably harmed and will continue to be irreparably harmed. Plaintiff is entitled to the remedies provided for in 15 U.S.C. §1116-1117, *et seq*., including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

63.     Defendant in performing the conduct complained of herein has acted willfully and with intent to cause injury to Plaintiff. Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

64.     Defendant threatened to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE MARKS**, business reputation, good will and customer base, and Defendant's conduct, if allowed to continue would inevitably result in damage to Plaintiff's retail real estate holdings. Accordingly, Plaintiff seeks injunctive relief against Defendant for their misconduct.

## SIXTH CLAIM FOR RELIEF

**(Violation of California Business and Professions Code Sections 14400, 14411: State Statutory Trade Name Infringement Against All Defendants)**

65. Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-64, inclusive as though fully set forth herein.

66. Plaintiff has obtained its certificate of qualification to do business using **TRADE NAMES** in California from the California Secretary of State. These **TRADE NAMES** are comprised of words, symbols, or any combination thereof used to identify a business distinguished from other businesses. California Business and Professions Code Section 14208. Plaintiff's certificate of qualification establishes a rebuttable presumption that Plaintiff has the exclusive right to use the **TRADE NAMES** as well as any other confusingly similar trade name.

67. Defendant's use of copies or of substantially and confusingly similar variations of the **TRADE NAMES** in intrastate and interstate commerce without the consent of the Plaintiff, for the purpose of offering an infringing retail shopping center, has caused and continues to cause confusion, mistake and deception in the minds of the retail and consuming public.

68. Plaintiff's use of the **TRADE NAMES** has been exclusive and continuous since at least July of 2011.

69. Plaintiff has expended enormous amounts of time, effort and money promoting the Property through use of the **TRADE NAMES** such that the retail and consuming public has come to associate Plaintiff's **TRADE NAMES** with Plaintiff or with Plaintiff's business, such that Plaintiff's unregistered **TRADE NAME** has acquired "secondary meaning."

**STETINA BRUNDA GARRED & BRUCKER**
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

70. By offering services using substantially and confusingly similar variations of the **TRADE NAMES** or actual reproductions of the **TRADE NAMES**, the Defendant has imitated and infringed the Plaintiff's **TRADE NAMES** in interstate commerce and has violated the California Business and Professions Code Sections 14400 and 14411.

71. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in California Business and Professions Code Section 14210 and 14320.

72. Defendant in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff. Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

73. Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will continue to suffer a great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's **TRADE NAMES**, business reputation, good will, and customer base, and Defendant's conduct, if allowed to continue, would inevitably result in damage to Plaintiff's retail real estate holdings. Accordingly, Plaintiff seeks injunctive relief against Defendant for their misconduct pursuant to California Business and Professions Code Section 14402.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition Against All Defendants)

74. Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-73, inclusive as though fully set forth herein.

75. Defendant has unlawfully, unfairly and deceptively engaged in a pattern of conduct whereby it has used without the consent of Plaintiff, the confusingly

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

similar variation of Plaintiff's **SERVICE MARKS** and **TRADE NAMES** associated with Plaintiff's Property. Defendant has unlawfully and unfairly taken the various intellectual and tangible properties of Plaintiff which are the results of Plaintiff's organization and expenditures of labor, skill, time and money. Defendant in appropriating these tangible and intellectual properties of Plaintiff, is "endeavoring to reap what [it] has not sewn" and Defendant seeks to enjoy the "benefits of a good without having invested the time, money and effort of creating it."

76.     Plaintiff's use of the **SERVICE MARKS** and **TRADE NAMES** in Carlsbad, California has been exclusive and continuous since at least July of 2011. Plaintiff has expended enormous amounts of time, effort and money promoting the Property through use of the **SERVICE MARKS** and **TRADE NAMES** such that the relevant retail and consuming public has come to associate Plaintiff's **SERVICE MARKS** and **TRADE NAMES** with Plaintiff or with Plaintiff's shopping center such that Plaintiff's unregistered **SERVICE MARKS** and **TRADE NAMES** have acquired "secondary meaning."

77.     Defendant has by unlawful, unfair and deceptive practices, represented and advertised its planned shopping center in a manner and location so as to cause confusion as to source and as a consequence intentionally take the retailers and customers of Plaintiff from Plaintiff's Property.

78.     By reason of the acts of Defendant complained of herein, Plaintiff is entitled to an injunction against Defendant as provided for in California Business and Professions Code Section 14330.

79.     Defendant in performing the conduct complained of herein acted willfully and with intent to cause injury to Plaintiff. Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

80.     Defendant threatens to, and unless restrained will, continue to engage in

the wrongful and illegal acts described herein. As a result, Plaintiff will suffer a great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's **SERVICE MARKS** and **TRADE NAMES**, business reputation, good will, and customer base, and Defendant's conduct, if allowed to continue, would inevitably result in damage to Plaintiff's retail real estate holdings. Accordingly, Plaintiff seeks injunctive relief against Defendant for their misconduct.

## EIGHTH CLAIM FOR RELIEF

### (Common Law Trade Name Infringement Against All Defendants)

81. Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-80, inclusive as though fully set forth herein.

82. Defendant's use of copies or of substantially and confusingly similar variations of the **TRADE NAMES** in interstate commerce without the consent of the Plaintiff, for the purpose of offering infringing shopping center services, has caused and continues to cause confusion, mistake and deception in the minds of the public in violation of the common law of California.

83. Plaintiff's use of the **TRADE NAMES** in Carlsbad, California has been exclusive and continuous since at least July of 2011. Plaintiff has expended enormous amounts of time, effort and money promoting its Property through use of the **TRADE NAMES** such that the relevant public has come to associate Plaintiff's **TRADE NAMES** with Plaintiff or with Plaintiff's shopping center such that Plaintiff's unregistered **TRADE NAMES** have acquired "secondary meaning."

84. By marketing its planned shopping center using substantially and confusingly similar variations of the **TRADE NAMES** or actual reproduction of the **TRADE NAMES**, the Defendant has imitated and infringed the Plaintiff's **TRADE NAMES** in intrastate and interstate commerce and has violated the Lanham Act, 15 U.S.C. §1125(a).

85. By reason of the acts of Defendant complained of herein, Plaintiff is

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

entitled to an injunction against Defendant as provided for in California Business and Professions Code Section 14330.

86.     Defendant in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff. Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

87.     Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's **TRADE NAMES**, business reputation, good will, and customer base, and Defendant's conduct, if allowed to continue, would inevitably result in damage to Plaintiff's retail real estate holdings. Accordingly, Plaintiff seeks injunctive relief against the Defendant for their misconduct.

## NINTH CLAIM FOR RELIEF

### (**Common Law Misappropriation Against All Defendants**)

88.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-87, inclusive as though fully set forth herein.

89.     Plaintiff invested substantial time, skill, and money in developing its real estate holdings, namely, the **SERVICE MARKS** and **TRADE NAMES** associated with the Property.

90.     Defendant has improperly appropriated and used Plaintiff's intellectual property, namely, using substantially and confusingly similar marks to promote a shopping center right across from Plaintiff's shopping center as well as marketing its business in a manner which is confusingly and substantially similar if not identical to Plaintiff's business. Therefore, Defendant has appropriated and is using Plaintiff's **SERVICE MARKS** and **TRADE NAMES** at no cost to the Defendant.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

91.    Defendant's appropriation and use of Plaintiff's intellectual property is without the authorization or consent of Plaintiff.

92.    As a direct and proximate result of Defendant's unlawful conduct described herein, Plaintiff has been damaged and injured in an amount which is unascertainable at this time but which will be proven at trial.

93.    Defendant's actions are still ongoing and if not enjoined, will cause irreparable harm to Plaintiff in that the Defendant's unrestrained conduct will lead to the ultimate demise of Plaintiff's retail real estate holdings and shopping center business and the complete usurpation of Plaintiff's **SERVICE MARKS** and **TRADE NAMES**.    Damages will be insufficient to compensate for such destruction of Plaintiff's business and therefore Plaintiff seeks immediate injunctive relief from this Honorable Court.

94.    Defendant in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff.    Defendant was therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

95.    Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein.    As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's **SERVICE MARKS** and **TRADE NAMES**, business reputation, good will, and customer base, and Defendant's conduct, if allowed to continue, would inevitably result in damage to Plaintiff's retail real estate holdings.    Accordingly, Plaintiff seeks injunctive relief against the Defendant for their misconduct.

//

//

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

**TENTH CLAIM FOR RELIEF**

**(Violations of California Business and Professions Code Section 17500 Against All Defendants)**

96.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-95, inclusive as though fully set forth herein.

97.     Beginning at an exact date unknown to Plaintiff, but at least as early as June of 2016, Defendant has committed acts of untrue and misleading advertising, as defined by California Business and Professions Code Section 17500, by engaging in the acts and practice described in Paragraphs 1-87, herein with intent to induce members of the retail and consuming public to engage the shopping center services of the Defendant in the Carlsbad, California geographic region.

98.     The acts of untrue and misleading advertising by Defendant described herein present a continuing threat to members of the public in that the public will be deceived into thinking that they are receiving shopping center services at Plaintiff's Property.  Plaintiff and other members of the public have no other adequate remedy at law in that damages will not provide adequate compensation especially if Plaintiff's business, namely, its retail real estate holdings are irreparably damaged by Defendant's illegal activities and deceptive advertising.  Wherefore, Plaintiff prays for injunctive relief pursuant to California Business and Professions Code Section 17200 and 17500.

**ELEVENTH CLAIM FOR RELIEF**

**(Statutory Unfair Competition Under California Business and Professions Code Section 17200 Against All Defendants)**

99.     Plaintiff repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1-98, inclusive as though fully set forth herein.

100.    Beginning at an exact date unknown to Plaintiff but at least as early as June of 2016, Defendant has committed acts of unfair competition as defined by California Business and Professions Code Section 17200 by engaging in at least the

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

following unlawful practices:

A. Infringement of Plaintiff's unregistered marks in violation of the federal Lanham Act, codified at 15 U.S.C. §1125(a) in that the **SERVICE MARKS** is distinctive, Plaintiff has had exclusive use of this **SERVICE MARKS** on the Property in the Carlsbad, California region for more than five years, the **SERVICE MARKS** have acquired national and regional recognition with the retail and consuming public thereby acquiring "secondary meaning" notwithstanding that said **SERVICE MARKS** have not been registered with the United States Patent and Trademark Office;

B. Advertising/false designation of origin in violation of Lanham Act codified at 15 U.S.C. §1125(a);

C. Infringement of Plaintiff's **TRADE NAMES**, which has acquired "secondary meaning", thereby violating the Lanham Act at 15 U.S.C. §1125(a);

D. Common law **SERVICE MARKS** and **TRADE NAMES** infringement; and

E. Common law misappropriation.

101. These acts and practices as described in Paragraphs 1-92 above, violate California Business and Professions Code Section 17200 in the following aspects:

A. Defendant's illegal conduct constitutes numerous statutory violations including but not limited to 15 U.S.C. §1125(a); California Business and Professions Code Section 17500; various intentional torts for misappropriation and tortious interference with prospective economic advantage. Consequently, Defendant's violations of both statutory and common law constitutes unlawful business practices or acts within the meaning of California Business and Professions Code Section 17200;

B. Defendant's ongoing practices and policies are violating 15 U.S.C.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

§1125(a); California Business and Professions Code Section 17500; intentional torts for misappropriation and tortious interference with prospective economic advantage are likely to mislead the general public and, consequently, constitutes fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200;

C.  Defendant's acts and untrue and misleading advertising, as more fully set forth in Paragraphs 1 through 92 above, are incorporated herein by reference and are by definition violations of California Business and Professions Code Section 17200;

102. Defendant has also engaged in unfair competition, which, if not unlawful, constitutes unfair business practices and in violation of California Business and Professions Code Section 17200.

103. Defendant knew that Plaintiff had been using the **SERVICE MARKS** and **TRADE NAMES** for the Property in the Carlsbad, California geographic region at the address of 1923 Calle Barcelona, Carlsbad, California 92009 for over the last five years. Notwithstanding this knowledge, the Defendant engaged in the unfair practice and wrongful pattern of conduct of unlawfully, unfairly and deceptively using without the consent of Plaintiff, confusingly similar or actual variations of Plaintiff's **SERVICE MARKS** and **TRADE NAMES** to promote its own shopping center right across from Plaintiff's Property.

104. The unlawful, fraudulent business practices and false and misleading advertising of Defendant as described above, presents a continuing threat to Plaintiff and to members of the public. If left unrestrained, Plaintiff will suffer irreparable harm in the destruction of its real estate management business. Potential and actual buyers and/or lessors of commercial retail real estate and shopping center consumers will be misled into thinking that they are receiving services at Plaintiff's shopping center, when in fact they are obtaining such services from the Defendant. It is also a

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

likelihood that consumers will acquire such services from Defendant which are of a lesser quality, notwithstanding these consumers' belief that they are acquiring services from the Plaintiff, who has for over five years owned a shopping center and engaged agents to manage their Property in the Carlsbad region.

105. As a direct and proximate result of the aforementioned acts, Defendant received and continues to hold economic interests and intangible property belonging to Plaintiff and is improperly marketing a shopping center under designations confusingly similar to the **SERVICE MARKS** and **TRADE NAMES** that commercial retailers and shopping center consumers will mistakenly believe is affiliated to the Property and is endorsed by Plaintiff. . Wherefore Plaintiff prays for relief as set forth hereunder including but not limited to the issuance of an injunction against all Defendants.

106. In doing the things herein alleged, Defendants, and each of them acted willfully and with intent to cause injury to Plaintiff. Defendants is therefore guilty of malice and oppression and conscious disregard of Plaintiff's rights, thereby warranting an assessment of exemplary damages in an amount appropriate to compensate Plaintiff and deter similar misconduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against the Defendant as follows:

### ON ALL CAUSES OF ACTION

1. That the Defendant, its officers, agents, servants, and employees, and all persons in concert or participation with the Defendants be preliminarily and permanently enjoined from:

  A. infringing Plaintiff's unregistered **SERVICE MARKS** which have become distinctive in the public's mind and caused the public to associate Plaintiff's Property with the **SERVICE MARKS**;

  B. infringing Plaintiff's unregistered **TRADE NAMES** which has become

C.    using the term "Hillside Forum", any phonetic equivalent or abbreviation therefor, or any mark using the designation "Forum" in its business affairs, including but not limited to as a trademark or trade name, or any other term confusingly similar to Plaintiff's **SERVICE MARKS** or **TRADE NAMES**, in connection with the sale, offering for sale, leasing, offering to lease commercial/retail real estate and/or to identify a shopping center in the County of San Diego, California;

D.    promoting or marketing services in any way that tends to deceive, mislead, or confuse the public into believing that Defendant's "Hillside Forum" shopping center is in any way sanctioned by or affiliated with the Property or Plaintiff's "Forum at Carlsbad", "Forum Carlsbad", and "The Forum – Carlsbad" shopping center;

E.    otherwise competing unfairly with Plaintiff;

2.    That the Defendant be directed to file with this Court and serve on the Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth the detailed manner and form in which the Defendant has complied with the injunction.

3.    That the Defendant be required to account for and pay over to Plaintiff all gains, profits, and advantages realized from the sale of services which were sold or solicited by Defendant's infringing marks.

4.    That the Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of the Defendant's acts of service mark infringement, false advertising, unfair competition, deceptive and unfair business practices, including exemplary damages in the amount of three times the damages sustained by Plaintiff, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

5.    That the Defendant be required to deliver up for destruction all products,

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

packaging, labels, literature, advertising and other material bearing copies, imitations, or reproductions, including confusingly similar variations of, the **SERVICE MARKS** and **TRADE NAMES**.

6. That the Defendant be required to pay Plaintiff costs, expenses, and reasonable attorney's fees in connection with this action, as provided in 15 U.S.C. §505 and 15 U.S.C. §1117, and California Business and Professions Code Section 14200 *et seq.*

7. For attorney's fees and costs to the extent otherwise allowed by law;

8. For exemplary damages or enhanced damages to the extent allowed by law;

9. That Plaintiff have such other, further, and different relief that this Court deems just and proper.

Dated: August 23, 2016        STETINA BRUNDA GARRED & BRUCKER


                              By: s/Stephen Z. Vegh
                                  Matthew A. Newboles
                                  Stephen Z. Vegh
                                  Attorneys for Plaintiff
                                  T-C FORUM AT CARLSBAD, LLC

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

## DEMAND FOR JURY TRIAL

Plaintiff, T-C Forum at Carlsbad, LLC hereby demands a jury trial on all claims for relief.

Dated:  August 23, 2016          STETINA BRUNDA GARRED & BRUCKER

By: s/Stephen Z. Vegh
    Matthew A. Newboles
    Stephen Z. Vegh
    Attorneys for Plaintiff
    T-C FORUM AT CARLSBAD, LLC